IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN V. TITUS,   Case No.

    Plaintiff,

vs.   JURY TRIAL DEMANDED

COMMERCIAL RECOVERY SYSTEMS, INC.,
A Texas Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq* (hereinafter "FCCPA"); these laws, *inter alia*, prevent debt collectors and "persons" from engaging in abusive, deceptive, harassing, and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

4. Plaintiff, KATHLEEN V. TITUS, is an individual domiciled in the county of Hillsborough, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., is a foreign profit corporation, incorporated under the laws of the state of Texas, with its principal place of business located at 8035 EAST R L THORNTON FWY, STE 220, DALLAS TX 75228.

6. The principal purpose of Defendant's business is the collection of debt.

7. In the regular course of Defendant's business, Defendant uses instrumentalities of interstate commerce, and the mails.

8. In the regular course of Defendant's business, it collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant's business activities in this state involve collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

## FACTUAL ALLEGATIONS

Upon information and belief, the Plaintiff alleges as follows:

10. On or about January 24, 2013 Plaintiff received a phone call from 800-214-5348 and spoke with the caller who identified herself as "Felecia Mansker" ("Felecia").

11. It is alleged that Felecia was calling to collect a consumer debt on behalf of Defendant.

12. During this call Felecia threatened Plaintiff with civil litigation if the debt was not paid.

13. Also during this call Felecia threatened Plaintiff that Plaintiff's Social Security and Medicare could be garnished by Defendant if Plaintiff did not pay the debt.

14. During this call, Felecia attempted to persuade Plaintiff from filing for bankruptcy protection.

15. On or about January 28, 2013, Felecia called Plaintiff again and again threatened Plaintiff with a civil suit if the debt was not paid.

16. It is alleged that Defendant had no intention of filing a lawsuit against Plaintiff for the debt which it was attempting to collect during these calls.

17. Further, at various other times, representative(s) of Defendant have placed calls to Plaintiff's family members, leaving the caller(s)' names, the name of Defendant, the phone number, and Plaintiff's "case" number.

18. It is alleged that, during these phone calls to Plaintiff's family members, Defendant was not calling for location information as contemplated by the FDCPA.

19. It is alleged that Defendant did not provide Plaintiff with the appropriate disclosures as required by the FDCPA.

20. It is alleged that the calls placed to Plaintiff's family members for purposes other than acquiring location information were violative of the FDCPA.

21. Defendant was attempting to collect an alleged defaulted obligation alleged to have been originally incurred for Plaintiff's personal, family, or household purposes.

22. As a result of Defendant's acts or omissions Plaintiff suffered actual damages in the form of mental anguish from fear that her Social Security income would be garnished leaving her with an inability to support herself.

-Count I-
Violation(s) of the Federal Fair Debt Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 22.

23. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C.

§§ 1692b generally, 1692c(b), 1692e generally, 1692e(5), 1692e(10), 1692f generally, and 1692g(a).

24. As a result of the above violations of the FDCPA, Plaintiff is entitled to recover her actual damages, statutory damages, and reasonable attorney's fees and costs.

-Count II-
Violation(s) of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 22.

25. The foregoing acts and omissions of Defendant and its employees/agents constitute violation(s) of the FCCPA, including, but not limited to, Fla. Stat. § 559.72(9).

26. As a result of the above violation(s) of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct constituted violations of the FDCPA and FCCPA, and is entitled to recover her actual damages, statutory damages, punitive damages, and reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendant for the following:

a. Declaratory Judgment that Defendant's acts constituted violations of the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

  f. Such other and further relief that this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

           Respectfully submitted,

           /s/ Joseph B. Battaglia
           Joseph B. Battaglia, Esquire
           Fla. Bar No.: 0058199
           THE GOLDEN LAW GROUP
           808 Oakfield Drive, Suite A
           Brandon, Florida 33511
           Telephone: (813) 413-8700
           Facsimile: (813) 413-8701
           joe@brandonlawyer.com