UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN V. TITUS,

    Plaintiff,

v.                                             Case No. 8:13-cv-567-T-27AEP

COMMERCIAL RECOVERY SYSTEMS,
INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action alleging that Defendant violated various provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Florida Statutes (Dkt. No. 1). Defendant failed to respond to the Complaint, which led to entry of a default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a) (Dkt. No. 6). Following entry of the default, Plaintiff moved for entry of a default judgment pursuant to Rule 55(b), which the Court subsequently granted (Dkt. Nos. 7, 8, 9). In granting the default judgment, the Court noted that a sufficient basis existed for entry of a default judgment and for an entitlement to costs and reasonable attorneys' fees but that the record before the Court, at that time, did not establish a sufficient basis for an award of statutory or actual damages. Accordingly, the Court directed Plaintiff to file affidavits and other materials in support of her request for statutory and actual damages, attorneys' fees, and costs. Given the Court's directive, Plaintiff filed the instant Motion for Judgment of Damages, Attorney's Fees, and Costs (Dkt. No. 12) seeking an award of statutory

and actual damages, attorney's fees, and costs. After consideration, and for the reasons that follow, I recommend that Plaintiff be awarded $1,000.00 in statutory damages; $1,805.00 in attorney's fees; and $385.00 in costs.[1]

## I.   Discussion

Under both the FDCPA and the FCCPA, any debt collector that fails to comply with the applicable provisions may be held liable for the actual damages, statutory damages not exceeding $1,000.00, reasonable attorney's fees, and costs arising from such failure. 15 U.S.C. 1692k(a); Fla. Stat. § 559.77(2). As noted above, Plaintiff seeks an award of actual damages, statutory damages, attorney's fees, and costs under both the FDCPA and the FCCPA.

### A.   Actual Damages

Initially, Plaintiff requests an award of actual damages in the amount of $2,000.00 for the mental anguish she purportedly endured on account of Defendant's actions. In her Complaint, Plaintiff alleged, among other things, that Defendant repeatedly called her and her family members regarding collection of a consumer debt and that Defendant threatened her with both civil litigation and garnishment of Plaintiff's Social Security income and Medicare if the debt was not paid (Dkt. No. 1 at 2-3). As a result, Plaintiff alleged that she "suffered actual damages in the

---

[1] Having determined that a default judgment is warranted, the district judge referred the motion for issuance of a Report and Recommendation as to the amount of damages to be awarded pursuant to Rule 55(b)(2)(B) (Dkt. No. 13). *See* 28 U.S.C. § 636; *see* M.D. Fla. R. 6.01. The undersigned has considered Plaintiff's motion and supporting documentation in making the following recommendations as to the amount of damages to award and, given the record before the Court, determined that a hearing is unnecessary. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. App'x 908, 911-12 (11th Cir. 2011) (noting that, when considering whether to enter or effectuate a default judgment, the court may, but is not required to, conduct an evidentiary hearing to determine the amount of damages to award); *see* Fed. R. Civ. P. 55(b)(2).

form of mental anguish from fear that her Social Security income would be garnished leaving her with an inability to support herself (*id.* at 3). By the instant motion, Plaintiff seeks the award of $2,000.00 in actual damages to compensate her for her purported mental anguish. As support for such a request, Plaintiff simply states in an affidavit: "That, as a result of the acts of the representatives of Commercial Recovery Systems, Inc., I suffered mental anguish from fear that my Social Security income and Medicare benefits would be garnished, leaving me with an inability to support myself" (Dkt. No. 12, Ex. A).

Under the FDCPA, actual damages include damages for emotional distress.[2] *Minnifield v. Johnson & Freedman, LLC*, 448 Fed. App'x 914, 916 (11th Cir. 2011) (citation omitted); *Montgomery v. Fla. First Fin. Group, Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *8 (M.D. Fla. Aug. 12, 2008). Outside of her blanket statement that she suffered mental anguish as a result of Defendant's actions, Plaintiff failed to supply any competent evidence, such as medical records or expert testimony, that would support her claim for actual damages for mental anguish or emotional distress or even provide an elaboration as to the negative effects she experienced as a result of Defendant's actions. Rather, Plaintiff simply offers a one-sentence

---

[2] The FCCPA provides that "[n]othing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552. Accordingly, to the extent that the FDCPA provides actual damages for emotional distress, the Court may consider an award of such damages under the FCCPA. *See, generally, Barker v. Tomlinson*, No. 8:05-CV-1390-T-27EAJ, 2006 WL 1679645, at *3 (M.D. Fla. June 7, 2006) (awarding actual damages under both the FDCPA and FCCPA for the fear, anxiety, embarrassment, and emotional distress caused by the defendant).

3

explanation claiming that she suffered mental anguish because she feared garnishment of her Social Security income and Medicare benefits. Without more, the record before the Court does not establish a basis for compensating Plaintiff for any actual damages. *See Ugarte v. Sunset Const., Inc.*, No. 8:07-cv-735-T-23EAJ, 2008 WL 4723600, at *3 (M.D. Fla. Oct. 21, 2008) (finding that a plaintiff presented no competent evidence to demonstrate that her suicide attempt was related to or her depression worsened due to the defendant's actions or that a causal connection existed between the two). Furthermore, although Plaintiff may have justifiably experienced some fear or anxiety, Defendant's conduct did not severely impact Plaintiff. *Montgomery,* 2008 WL3540374, at *9 (finding that, although the plaintiff suffered some temporary loss of appetite, sleeplessness, and worry due to the defendant's conduct, such conduct did not have a severe impact upon the plaintiff and therefore did not warrant an award of any actual damages). Accordingly, I recommend that Plaintiff not be awarded any actual damages.

### B.     Statutory Damages

Plaintiff also seeks an award of statutory damages in the amount of $1,000.00 for the violations of the FDCPA and $1,000.00 for the for the violations of the FCCPA, for a total award of $2,000.00 in statutory damages. A court may award a maximum amount of $1,000.00 in statutory damages per action, rather than per violation, for violations brought under the FDCPA and the FCCPA. 15 U.S.C. § 1692k(a)(2)(A); Fla. Stat. § 559.77(2); *see Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). In determining the amount of liability to impose upon a debt collector, the court should consider, among other relevant factors, the frequency and persistence of the noncompliance by the debt collector, the nature of such

4

noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. §1692k(b)(1); Fla. Stat. §559.77(2).

Here, Plaintiff alleged that Defendant contacted her on or about January 24, 2013, to collect a consumer debt. During the call, Defendant's representative threatened Plaintiff with civil litigation and garnishment of her Social Security income and Medicare benefits if Plaintiff did not pay the debt and also attempted to persuade Plaintiff not to file for bankruptcy protection. Following that, Plaintiff alleged that she received a second phone call from Defendant a few days later wherein Defendant's representative again threatened Plaintiff with civil litigation. In addition, Plaintiff alleged that Defendant contacted her family members "at various other times" and left the representative's name, the name of Defendant, the phone number, and a "case" number. Plaintiff's allegations demonstrate that, while Defendant's noncompliance was infrequent, Defendant's noncompliance was intentional and violated both the FDCPA and the FCCPA. Based on Plaintiff's allegations, Plaintiff has demonstrated an entitlement to an award of statutory damages for the intentional violations by Defendant but not to the maximum award available under the FDCPA or the FCCPA, given the relatively minimal frequency of the noncompliance by Defendant. *Montgomery*, 2008 WL 3540374, at \*9-\*10 (finding that, while the frequency of noncompliance was relatively minimal, the conduct was clearly intentional and clearly violated the FDCPA and the FCCPA and, accordingly, awarding $500.00 in statutory damages under each statute); *see Elmore v. Northeast Fla. Credit Bureau, Inc.*, No. 3:10-cv-573-J-37JBT, 2011 WL 4480419, at \*5-\*6 (M.D. Fla. Sept. 27, 2011) (determining that the maximum statutory award was not warranted and, instead, awarding $100.00 for the FDCPA violations and

$100.00 for the FCCPA violations, for a total award of $200.00 in statutory damages). Accordingly, I recommend that Plaintiff be awarded $500.00 in statutory damages under the FDCPA and $500.00 in statutory damages under the FCCPA, for a total of $1,000.00 in statutory damages.

### C. Attorney's Fees

In addition, Plaintiff seeks an award of attorney's fees in the amount of $1,805.00 under the FDCPA and the FCCPA. As noted previously, under both the FDCPA and FCCPA, a debt collector who fails to comply with any provision of either Act with respect to any person is liable to such person in a successful action to enforce liability for a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a)(3); Fla. Stat. § 559.77(2). To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[3] *Moton v. Nathan & Nathan, P.C.*, 297 Fed. App'x 930, 932 (11th Cir. 2008) (citation omitted) (noting that the lodestar analysis applies in determining an award of attorney's fees in FDCPA actions); *see Hensley v. Eckerhart*, 461 U.S. 424 (1983) (discussing the lodestar analysis); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (same).

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *see Rowe*, 472 So.2d at 1151 (finding the prevailing market rate is "the rate charged in that community by lawyers of

---

[3] Florida has adopted the federal lodestar method for calculating appropriate attorney's fees. *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990); *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985).

reasonably comparable skill, experience and reputation, for similar services"). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299; *see Rowe*, 472 So.2d at 1151 (noting that the party seeking fees carries the burden of establishing the prevailing market rate). At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299.

After determining the reasonable hourly rate, courts must then determine the amount of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434; *Rowe*, 472 So.2d at 1150. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

Here, the request for attorney's fees is woefully deficient as to the reasonable hourly rate. In fact, Plaintiff offers nothing in support of the hourly rates requested nor provides any

information regarding the education, background, or experience of the attorneys who worked on this case and for whom Plaintiff seeks an award of fees. Notwithstanding, Plaintiff seeks reimbursement for the work of Attorney Donald Golden for 0.5 hours at a rate of $350.00 per hour, Attorney Joseph Battaglia for 7.9 hours at a rate of $200.00 per hour, and Paralegal Courtney Tinsley for 0.5 hours at a rate of $100.00 per hour. The hourly rates requested comport with the hourly rates typically awarded in cases involving FDCPA and FCCPA claims in the Middle District of Florida and are thus reasonable. *Hepsen v. J.C. Christensen and Assocs., Inc.*, 394 Fed. App'x 597, 600 (11th Cir. 2010) (*per curiam*) (finding that a magistrate judge in the Middle District of Florida did not abuse her discretion in setting the reasonable hourly rate at $300 in a case involving claims under the FDCPA); *Selby v. Christian Nicholas & Assocs., Inc.*, No. 3[:]09-cv-121-J-34JRK, 2010 WL 745748, at *5 (M.D. Fla. Feb. 26, 2010) (finding $200.00 to be a reasonable rate for an attorney and $95.00 to be a reasonable rate for a paralegal in a case involving violations of the FDCPA in the Middle District of Florida); *Montgomery*, 2008 WL 3540374, at *13-*14 (finding $350.00 to be a reasonable hourly rate for an attorney and between $75.00 and $95.00 to be a reasonable rate for a paralegal in a case involving violations of the FDCPA and the FCCPA in the Middle District of Florida); *see Sharke v. Midnight Velvet, Inc.*, No. 8:12-cv-589-T-24AEP, 2013 WL 2467786, at *2-*3 (M.D. Fla. June 7, 2013) (finding $300.00 to be a reasonable hourly rate for a managing partner, $175.00 to be a reasonable hourly rate for an associate, and $100.00 to be a reasonable hourly rate for a paralegal in the Middle District of Florida for a case involving violations of the Truth in Lending Act).

Furthermore, the hours expended are also reasonable in light of the relatively

straightforward nature of the case and given the brevity of the proceedings before the Court. Upon review of the time records, no excessive, redundant, or otherwise unnecessary entries appear. Indeed, the fee petition requests less than 10 hours of compensable time for work performed in this action. As such, the fee petition is reasonable both as to the hourly rates requested and the hours expended. Accordingly, I recommend that Plaintiff be awarded attorney's fees in the amount of $1,805.00.

### D.   Costs

Finally, Plaintiff seeks costs in the amount of $350.00 for the filing fee and $35.00 for the service of process fee. Under Rule 54, a prevailing party is entitled to an award of costs. Fed. R. Civ. P. 54(d). The costs requested by Plaintiff in this action constitute taxable costs pursuant to 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1920, and § 559.77(2), Florida Statutes, and therefore should be awarded to Plaintiff. *Montgomery*, 2008 WL 3540374, at *15 (permitting an award of costs for, among other things, the filing fee and service of process fee); *Selby,* 2010 WL 745748, at *4 (awarding costs for the filing fee). Accordingly, I recommend that Plaintiff be awarded costs in the amount of $385.00.

## II.   Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Motion for Judgment of Damages, Attorney's Fees and Costs (Dkt. No. 12) be GRANTED IN PART AND DENIED IN PART.

2. Plaintiff be awarded statutory damages in the amount of $1,000.00; attorney's fees in

the amount of $1,805.00; and costs in the amount of $385.00.

IT IS SO REPORTED in Tampa, Florida, this 12th day of December, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record